IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA SAPP, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:09-CV-1846-N |
| | § | |
| FIRSTFITNESS INTERNATIONAL, INC., | § § | |
| | § | |
| Defendant. | § § | |

### **ORDER**

This Order addresses Defendant First Fitness International, Inc.'s ("First Fitness") motion for judgment on the pleadings [32]. Because the Court finds that res judicata bars Plaintiff Christina Sapp's claims, it grants the motion.[1]

### **I. THE ORIGINAL SUIT**

First Fitness owns various federal trademarks, including FIRST FITNESS, ZAVITA, BODY FX, and SUDDENLY SLIM!, which it uses to market and distribute nutritional and dietary foods and supplements through a network of authorized distributors and its websites, www.firstfitness.com and www.zavita.com. On June 28, 2007, it filed suit against Sapp in this Court ("*First Fitness I*"), alleging trademark infringement, violation of the Anti-

---

[1] First Fitness moves to strike Sapp's response to its motion because Sapp, acting pro se, filed it twelve days late without leave of Court. In light of the liberal treatment of pro se litigants, the Court declines to strike Sapp's response. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding pleadings filed by pro se parties to "less stringent standards than formal pleadings drafted by lawyers").

ORDER – PAGE 1

Cybersquatting Consumer Protection Act, unfair competition, and violation of the Texas anti-dilution statute. Specifically, First Fitness objected to Sapp's[2] use of the domain name www.1stfitness.net to purchase FFI products from authorized distributors, and her use of www.getskinnytoday.info and www.slimfx.us to direct potential customers to Defendants' "eBay store," where she resold FFI products under the assumed trade name "ZavitaRitaville" without FFI's authorization.

First Fitness filed an application for preliminary injunction against Sapp in *First Fitness I.* The Court denied the motion because First Fitness failed to show a substantial likelihood of success on the merits and an absence of genuine issues of material fact as to any of its claims. *See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, Order of June 13, 2008 at 15. The Court looked to the "first sale doctrine" – a rule that provides that "trademark law does not apply to the sale of genuine goods bearing a true mark, even if the sale is without the mark owner's consent" – and held that First Fitness failed to show that Sapp was doing anything other than selling genuine FFI products. *Id.* at 4 (quoting *Matrix Essentials, Inc. v. Emporium Drug Mart, Inc.*, 988 F.2d 587, 590 (5th Cir. 1993)).

Shortly thereafter, the parties settled the case. They entered into a written agreement (the "Agreement") wherein Sapp agreed *inter alia* to stop all use of the terms 1st Fitness, FirstFitness, Zavita, Zavita Rita, ZavitaRitaville, and Suddenly Slim store in any and all manners, including on eBay. The Agreement provided: "None of the parties hereto are

---

[2]First Fitness also filed suit against Frederick Thomas, who is not involved in the instant lawsuit.

ORDER – PAGE 2

releasing the other parties hereunder from any claims asserted, or that could have been asserted, prior to the effective date." Pl.'s Resp. at 32 [34]. However, the Agreement also requires First Fitness to file a motion to dismiss all claims raised in the suit with prejudice. In addition, the parties also agreed to submit an agreed permanent injunction and final judgment (the "Agreed Judgment") to the Court. The Agreed Judgment, which the Court entered on August 15, 2008, incorporates some, but not all of the settlement terms. *See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, Judgment of Aug. 15, 2008 at 1. In particular, it included the permanent injunction provisions governing Sapp's conduct on various websites, but it did not include the release provision quoted above. *Id.* at 1-3. The Agreed Judgment concluded with: "The above-styled lawsuit, including all claims asserted therein, is hereby DISMISSED WITH PREJUDICE." *Id.* at 3 (emphasis original).

## II. THE INSTANT SUIT

Sapp filed the instant suit on February 6, 2009 in the United States District Court for the Middle District of Georgia.[3] She alleges that First Fitness committed unfair trade practices and tortiously interfered with her business when it contacted eBay in an effort to prohibit her sales of First Fitness products on her eBay website on three separate occasions in late 2007 and early 2008, all before she filed her answer in *First Fitness I*. According to

---

[3]Judge Lawson promptly transferred the case to this Court. *See* Order dated Sept. 16, 2009 [20] ("[T]his Court believes that the Texas court is in a better position to determine which claims were raised in the litigation before it, and what issues were decided in the Injunction. The interests of justice would be better served by transferring this case to the court most familiar with the previous litigation, and with a motion addressing the same issues pending before it.").

Sapp's complaint, First Fitness improperly utilized eBay's "Verified Rights Owner," or VeRO, program to terminate eight auctions she listed on the site, despite its knowledge that Sapp's resale of genuine First Fitness products was permitted under the first sale doctrine. *See* Compl. at 6-12. The parties dispute whether res judicata bars Sapp's claims in the instant suit.

### III. STANDARD UNDER RULE 12(C)

"A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6)." *Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008). When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face," i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted). To avoid dismissal for failure to state a claim, a plaintiff must plead specific facts,

not mere conclusory allegations. *Kane Enters. v. MacGregor (USA) Inc.*, 322 F.3d 371, 374 (5th Cir. 2003); *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989).

> As the Supreme Court recently observed:
>
> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." FED. RULE CIV. PROC. 8(a)(2).
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the court limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

ORDER – PAGE 5

In general, "a res judicata contention cannot be brought in a motion to dismiss; it must be pleaded as an affirmative defense." *Test Masters*, 428 F.3d at 570 n.2. *But see* 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 at 721, 728 (3d ed. 2004) ("Other affirmative defenses that have been considered on a motion to dismiss under Rule 12(b)(6) include ... the barring effect of res judicata and related preclusion principles ...." (noting numerous examples)). However, where a defendant does not challenge a plaintiff's ability to argue res judicata in a motion to dismiss, rather than in a motion for summary judgment, the Court may consider the issue in the context of a Rule 12(b)(6) motion. *See Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Test Masters*, 428 F.3d at 570 n. 2.[4]

### IV. RES JUDICATA BARS SAPP'S CLAIMS IN THE INSTANT SUIT

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educational Svcs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (citing *Petro-Hunt LLC v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)). It "insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." *Oreck Direct, LLC v. Dyson, Inc.*, 560 F.3d 398, 401 (5th Cir. 2009) (quoting *United States v.*

---

[4]Although Sapp is proceeding pro se, she has failed to raise any challenge to the defendants' use of a motion to dismiss to raise the issue of res judicata. *See Hall v. Hodgkins*, 305 F. App'x 224, 227 (5th Cir. 2008); *Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them.").

*Shanbaum*, 10 F.3d 305, 310 (5th Cir.1994)).  The doctrine applies where: "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.*

Only the fourth element, whether the same claim or cause of action was involved in both actions, is at issue here.  The Fifth Circuit has adopted the Restatement (Second) of Judgment's transactional test with respect to this the fourth element of the *res judicata* test requires the two actions to be based on the same "nucleus of operative facts." *In re Ark-La-Tex Timber Co., Inc.*, 482 F.3d 319, 330 (5th Cir. 2007) (citing *Eubanks v. F.D.I.C.*, 977 F.2d 166, 171 (5th Cir.1992)).  In other words, a "prior judgment's preclusive effect extends to all rights of the plaintiff 'with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] transaction arose." *Oreck Direct*, 560 F.3d at 402 (quoting *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004)).  "What constitutes a 'transaction' or a 'series of transactions' is determined by weighing various factors such as 'whether the facts are related in time, space, origin, or motivation [;] whether they form a convenient trial unit[;] and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.'" *Id.* (quoting *Davis*, 383 F.3d at 313)).

Here, the two suits at issue are based on the same nucleus of operative facts.  Both arise out of Sapp's sale of First Fitness products on eBay.  In *First Fitness I*, First Fitness complained that Sapp sold its products in violation of its trademark rights and sought a

ORDER – PAGE 7

preliminary injunction preventing Sapp from, inter alia, "bidding, filling, or distributing any purchase orders for First Fitness' products." *See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, App. for Preliminary Inj. of Feb. 28, 2008 at 1. This required the Court to examine First Fitness's trademark rights and Sapp's defense under the "first sale doctrine." *See See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, Order of Aug. 15, 2008 at 1. The Agreed Judgment in *First Fitness I* ordered Sapp to:

> permanently stop all use of the terms 1st Fitness, FirstFitness, Zavita, Zavita Rita, ZavitaRitaville, and Suddenly Slim store in any and all manners, as well as any First Fitness logos such as the First Fitness and Suddenly Slim! logos, including derivatives thereof, in any and all manners, such as in any domain name, in the content of any website, on eBay, or otherwise on the internet or in any printed manner, including advertisements, sales brochures or written communications to customers.

*See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, Judgment of Aug. 15, 2008 at 1. In the instant case, Sapp complains that First Fitness wrongfully informed eBay that Sapp was operating in violation of First Fitness's trademark rights on three occasions, all before she filed her answer in *First Fitness I*. As in *First Fitness I*, this requires the Court to determine First Fitness's rights under the Lanham Act and Sapp's defense under the first sale doctrine, as it relates to her sale of First Fitness products on eBay. Thus, res judicata bars Sapp's claims in the instant suit.[5]

---

[5]Sapp's claims in the instant suit were compulsory counterclaims in *First Fitness I*. Federal Rule of Civil Procedure 13(a) designates as a compulsory counterclaim:
> any claim that-at the time of its service-the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

FED. R. CIV. P. 13(a). If a party fails to bring a compulsory counterclaim in the original

## V. THE EXISTENCE OF THE AGREEMENT DOES NOT CHANGE THE OUTCOME

Construing her pleading liberally, Sapp argues that the Court should look not to whether the two suits are based on the same nucleus of operative facts, but rather to the parties' intentions as reflected in the Agreement. The Fifth Circuit recently addressed – and rejected – this argument in similar, though not identical, circumstances. In *Oreck Direct*, the Court stated:

> Oreck contends that the district court should have abandoned the transactional test entirely and determined the scope of res judicata by the parties' actual intentions as reflected in the Settlement Agreement. There is no authority from this circuit supporting Oreck's position, especially since the final judgment in Oreck I simply dismissed the case with prejudice without incorporating the Settlement Agreement, the terms of which were finalized after the consent judgment was entered, or any express reservations. *See Hospitality House, Inc. v. Gilbert*, 298 F.3d 424, 430 (5th Cir. 2002) (explaining that a district court may make a settlement agreement part of its dismissal order "'either by separate provision (such as a provision retaining jurisdiction over the settlement agreement) or by incorporating the terms of the settlement agreement in the order.'") (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 380-81, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." *Kokkonen*, 511 U.S. at 381, 114 S.Ct. 1673.

560 F.3d at 402 (footnote omitted).

---

action, it is barred from asserting the claim in a later suit. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n. 1 (1974); *Papadopoulos v. Douglas*, 2001 WL 877608, at *2 (5th Cir. 2001).

Here, Sapp's claims arose out of her sale of First Fitness products on eBay, the subject matter of *First Fitness I*. First Fitness asked eBay to remove Sapp's listings from its site before she filed her answer in *First Fitness I*. Thus, her claim is barred because it was a compulsory counterclaim in *First Fitness I*. *See Dillard v. Security Pacific Brokers, Inc.*, 835 F.2d 607, 609 (5th Cir. 1988); *Associated Automotive Inc. v. Acceptance Indem. Ins. Co.*, 2010 WL 1404127, at *4 (S.D. Tex. 2010).

ORDER – PAGE 9

Here, the Agreed Judgment incorporated some, but not all, of the terms of the Agreement. It did not include the portion of the Agreement which states: "None of the parties hereto are releasing the other parties hereunder from any claims asserted, or that could have been asserted, prior to the effective date."[6] Pl.'s Resp. at 32 [34]. Rather, the language submitted by the parties and included in the Agreed Judgment dismissed all claims with prejudice. *See See First Fitness Int'l v. Thomas*, Civil Action No. 3:07-CV-1171-N, Judgment of Aug. 15, 2008 at 1. Sapp cites no binding authority, and the Court is aware of none, that requires this Court to conduct a res judicata analysis that disregards the Agreed Judgment's dismissal with prejudice in favor of the Agreement's release provision, especially not where the release provision contradicts the terms in the Agreement which the parties *did* include in the Agreed Judgment.[7] Thus, the Court holds that the Agreement's release provision does not negate the Court's holding that res judicata bars Sapp's claims in the instant suit because they arise out of the same nucleus of operative facts as those involved in *First Fitness I*.

---

[6]According to Sapp, the parties included this provision in order to preserve the claims that she asserts in this lawsuit. *See* Pl.'s Resp. at 6-7 (asserting that First Fitness "had specific knowledge that a lawsuit for tortious interference with business would be forthcoming and consented to include the specific terms which ensured that Ms. Sapp's claims would be preserved by the settlement agreement by including" the provision quoted above.). However, the Agreement also requires First Fitness to file a motion to dismiss all claims raised in the Lawsuit *with prejudice*.

[7]Specifically, the release provision is difficult to square with the Agreement's requirement that First Fitness move to dismiss all claims raised in the suit with prejudice and the provision that the parties would submit an Agreed Judgment (attached to the Agreement as Exhibit A) which dismissed all claims with prejudice.

## CONCLUSION

Because the Court holds that res judicata bars Sapp's claims, it grants First Fitness's motion to dismiss under Rule 12(c) of the Federal Rules of Civil Procedure.

Signed August 11, 2010.

_____
David C. Godbey
United States District Judge